{¶ 43} I respectfully dissent from the majority opinion.
 {¶ 44} Appellant filed a motion to suppress that challenged the authority of police officers to enter the inoperable travel trailer ("RV") in which he was living. The police officers were lawfully on the property at the request of the property owner, who had signed a written consent to search his property and all buildings due to suspicions about drug activity. In the judgment entry of the trial court, dated January 2, 2007, it is noted: *Page 13 
"[t]he sole issue in this case is whether or not the Defendant consented to the search of the RV, in which he was apparently living at the time."
 {¶ 45} When reviewing the decision of the trial court on a motion to suppress, this court is presented with a mixed question of law and fact.State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. As stated by the Supreme Court of Ohio:
 {¶ 46} "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. * * * Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." Id. (Internal citations omitted.)
 {¶ 47} In this case, the factual question is very clear: whether appellant gave consent to the police to search his RV. The trial court assessed this issue properly. It stated in its judgment entry, "[t]he Defendant denies giving permission for the officers to search the RV." It then noted:
 {¶ 48} "The three police officers are consistent in their testimony that the entire encounter with the Defendant was cooperative and that he freely and voluntarily consented to the search of his vehicle. Furthermore, he admitted having possession of methamphetamine in his pocket. The officers are likewise consistent that the Defendant was not in custody at the time he gave consent and made his admission, and that he was not placed under arrest and was not handcuffed until after the methamphetamine was removed from his pocket." *Page 14 
 {¶ 49} In resolving the conflict between the defendant's version of the incident and that of the officers, the trial court found "that the testimony of the police officers [was] more credible."
 {¶ 50} There are two reasons for my dissent. First, there does not appear to have been a challenge raised in the motion to suppress as to appellant's admission that he had methamphetamine in his pocket. The state has a right to be put on notice with specificity of the errors claimed in a motion to suppress. State v. Barnett, 11th Dist. No. 2006-P-0117, 2007-Ohio-4954, at ¶ 28-38. The only specific claims referenced in the suppression motion related to entering the RV without a warrant. Therefore, appellant's conviction on count four, possession of methamphetamine in violation of R.C. 2925.11, should stand. The possession charge had nothing to do with what was found in the RV. The discussion that led to discovery of the methamphetamine took place outside the RV. The testimony of Officer Palinkas clearly reveals that appellant, in response to a question about whether the sheriff's deputies would find any methamphetamine related items in the RV, responded no, but that he had some in his pocket.
 {¶ 51} Second, if appellant consented to a search of the RV, the search was proper. Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219. (Citations omitted.) Whether appellant consented is purely a factual issue best suited for the trier of fact. In reversing and remanding, the majority is apparently assessing the credibility of the witnesses and determining that the testimony of appellant was more credible than that of the three police officers. However, the trial court was in the best position to evaluate the credibility of the witnesses and make this assessment. Deputies Allen and Mino *Page 15 
were very clear in their testimony about the consent given by appellant. Therefore, we should defer to the judgment of the trial court concerning the factual resolution.
 {¶ 52} Clearly, the officers were lawfully on the property with credible concerns of the property owner about suspected "coming and going" drug activity. A knowing, intelligent waiver has long been recognized as a valid basis to conduct a search. Requesting a consent search is a valid, vital tool employed by law enforcement in their attempt to attack a prolific problem. Therefore, I would affirm the ruling of the trial court. *Page 1